IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEWELERS MUTUAL INSURANCE COMPANY, | § § § § § | |
| *Plaintiff*, | | |
| v. | § | Civil Action No. SA-10-CV-217-XR |
| PRASHANT GURNANI, doing business as ORO GRANDE, | § § § § § | |
| *Defendant*. | | |

**ORDER**

On this date, the Court considered Plaintiff's response to the Court's June 24, 2010 Show Cause Order (Docket Entry No. 4).

**Summary of the Case**

Plaintiff Jewelers Mutual Insurance Company ("JMIC") filed suit against Defendant Prashant Gurnani, doing business as Oro Grande, for declaratory relief that it has no duty to defend or indemnify the Defendant under its insurance policy.

**Procedural History**

Plaintiff commenced this action by filing suit on March 19, 2010.[1] On July 20, 2010, this Court issued an order for Plaintiff to show cause by August 3, 2010, for failure to obtain and serve a summons and a copy of the complaint upon Defendants or a waiver of service.[2] Plaintiff responded

---

[1] Compl., Mar. 19, 2010 (Docket Entry No. 1).

[2] Show Cause Order, Jul. 20, 2010 (Docket Entry No. 3).

to the Court's show cause order on August 2, 2010.[3] The Court construes Plaintiff's response as a motion to extend time for service.

**Legal Standard**

Courts must extend the time for service of process under Rule 4(m) if a plaintiff shows good cause for its failure to serve the defendant within the requisite period of time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("If good cause is present, the district court *must* extend time for service."). However, absent a showing of good cause, the Court is within its discretion to either dismiss the action without prejudice or extend the time to serve for an appropriate period. *Id.* ("If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."). The Court focuses on the actions of the plaintiff that took place within the requisite period to serve the defendant. *See Winters*, 776 F.2d at 1305–06 ("It would appear to be generally irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days.").

**Analysis**

In its response to the Court's order, Plaintiff states that it sent Defendant Gurnani a request for a waiver of service of summons in compliance with Rule 4(d) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(d). Gurnani signed the waiver of service on May 4, 2010, which stated that he would serve an answer or motion pursuant to Federal Rule of Civil Procedure 12 within 60 days of March 25, 2010. JMIC has provided the Court with the signed waiver of service attached as an exhibit to its response to the show cause order. Based on this waiver of service,

---

[3]Pl's Resp. to Show Cause Order, Aug. 2, 2010 (Docket Entry No. 4).

Gurnani needed to file his answer or respond on or before May 24, 2010. According to JMIC, Gurnani asked Plaintiff for an extension of time to file an answer, which it granted until August 2, 2010. JMIC claims there is therefore no basis to dismiss this cause for Plaintiff's failure to timely serve the Defendant.

Prior to its response to the Court's show cause order, Plaintiff failed to apprise this Court that it was pursuing this case. "The signed waiver of service must be filed with the court by the plaintiff." 28 FED. PROC., L. ED. § 65:82; *see also* FED. R. CIV. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the wavier."). Furthermore, Plaintiff has no authority to stipulate to any modifications of the Federal Rules of Civil Procedures unless authorized by the rule. *Cf.* FED. R. CIV. P. 6(b) (regarding the Court's authority to extend time and limits on that authority); *id.* R. 29 (regarding stipulations about discovery procedures); *id.* R. 41(a)(1)(A)(ii) (regarding stipulation of dismissal).

Defendant's response to the complaint was due on May 24, 2010, and the parties' agreed deadline of August 2, 2010, has passed. Defendant Gurnani's answer or motion pursuant to Rule 12 is overdue.

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Under some circumstances, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or to comply with any order of the court. *See* FED. R. CIV. P. 41(b); *Link*, 370 U.S. at 630

("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

Plaintiff JMIC has demonstrated a lack of diligence in pursuing this case by failing to file the waiver of service, failing to move for entry of default when the deadline for Defendant to respond initially expired, and stipulating to an extension of the deadline without moving the Court for an extension of time.

## Conclusion

Plaintiff is therefore ORDERED to move for the appropriate disposition of this case on or before August 17, 2010, or show cause why this matter should not be dismissed for its failure to prosecute this case or adhere to an order of the Court.

It is so ORDERED.

SIGNED this 4th day of August, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE